Steven M. Johnson, Esq. (I.D. #1835)
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
114 3rd St. S.
P. O. Box 1645
Great Falls, Montana 59403-1645
Telephone: (406) 761-3000
Facsimile: (406) 453-2313
sjohnson@chjw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>JOHN HENRY SCHNEIDER,<br><br>   Debtor. | Bankruptcy Case No. 14-61357 |
| JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER,<br><br>   Plaintiff,<br><br>v.<br><br>KATHLEEN BURROWS,<br><br>   Defendant. | Adversary Case No. 15-00008<br><br>**ANSWER TO COMPLAINT, AND DEMAND FOR JURY TRIAL** |

  Comes now Defendant Kathleen Burrows (hereinafter "Defendant" or "Burrows"), by and through her counsel of record, and for her answer to Plaintiff's Complaint, states as follows:

## INTRODUCTION

1.   Paragraph 1 of Plaintiff's Complaint is Plaintiff's characterization of its claims, is a legal conclusion, and requires no response by Defendant.

## PARTIES

2.   Defendant admits the allegations of Paragraphs 2, 3, and 4 of Plaintiff's Complaint.

3.   Paragraph 5 of Plaintiff's Complaint is a legal conclusion to which no answer is required.

## JURISDICTION AND VENUE

4.   Answering Paragraphs 6 and 7 of Plaintiff's Complaint, Defendant admits that "proceedings to determine, avoid, or recover preferences" are characterized as "core proceedings" under 28 U.S.C §157(b)(2)(H), but affirmatively asserts that claims by a trustee to recover fraudulent transfers and fraudulent conveyances are legal claims subject to the Defendant's right to jury trial under the Seventh Amendment. Defendant denies that the Bankruptcy Court has the statutory or constitutional authority to conduct a jury trial without the express consent of all litigants, and that, therefore, this adversary proceeding and trial of this case must be removed to the district court, or that, alternatively, the Plaintiff's Complaint must be dismissed for re-filing in a state court of appropriate jurisdiction.  Defendant denies the remaining allegations of Paragraphs 6 and 7 of Plaintiff's Complaint.

5.   Defendant admits the allegations of Paragraph 8 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

6. Answering Paragraph Nos. 9, 10, 11, 16, 19, 21, 23, 24, 26, and 27, Defendant is without sufficient information or knowledge to form a belief as to the truth of these allegations, and therefore denies the same.

7. Defendant denies the allegations of Paragraphs 12, 13, 14, 15, 20, 25, and 28 of Plaintiff's Complaint.

8. Defendant admits the allegations of Paragraph 17 of the Plaintiff's Complaint.

9. Answering the allegations of Paragraph 18 of Plaintiff's Complaint, Defendant admits only that on or about May 30, 2012, Debtor deeded the Molt Property to Defendant. Defendant denies the remaining allegations of Paragraph 18 of the Plaintiff's Complaint.

10. Answering the allegations of Paragraph 22 of Plaintiff's Complaint, Defendant admits that at some point in time, MedPort, LLC executed a Promissory Note to Schneider Limited Partnership, but Defendant has insufficient knowledge and information to either admit or deny the Plaintiff's further characterizations regarding the terms of the Promissory Note, and therefore denies the same. Defendant asserts that the terms of the Promissory Note speak for themselves. Defendant denies that the Promissory Note was a sham, and denies that Debtor attempted to hide millions of dollars in MedPort as part of any scheme to defraud creditors. Defendant denies the remaining allegations of Paragraph 22 of Plaintiff's Complaint.

## COUNT I - AVOIDANCE OF FRAUDULENT TRANSFER

11.     Answering Paragraph 29 of the Plaintiff's Complaint, Defendant incorporates herein by this reference all of its admissions, denials and affirmative allegations.

12.     Defendant denies the allegations of Paragraph Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39.

13.     Answering Paragraph 40 of the Plaintiff's Complaint, Defendant admits that she has transferred the Molt Property at some point in time after the Debtor conveyed it to her. The remaining allegations of Paragraph 40 of the Plaintiff''s Complaint constitute a characterization by the Plaintiff of the relief that Plaintiff seeks and of legal conclusions to which no answer is necessary. Defendant denies that the Plaintiff is entitled to the relief Plaintiff requests.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to adequately state a claim under Rule 8, Fed.R.Civ.P. upon which relief may be granted as against Defendant, and should be dismissed under Rule 12(b)(6), Fed.R.Civ.P.  The allegations of Plaintiff's Complaint are mere conclusory assertions, conclusions of law, and allegations. A complaint "must contain something more... than... a statement of fact that merely creates a suspicion [of] a legally cognizable right of action" on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,555 (2007) (internal quotation marks omitted). A complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face." 550 U.S. at 570. A complaint must state "enough facts to state a claim to relief that is plausible on its face... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montana Caregivers Ass'n v. United States,* 841 F.Supp. 2d 1147, 1149 (D.Mont. 2012) (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 678(2009)). Factual allegations such as those made by the Plaintiff that merely create suspicion or speculation that the acts of the Debtor or the acts of the Defendant were part of a plot to defraud creditors, and the Plaintiff's mere legal inferences and arguments do not meet the pleading standard of *Iqbal* nor of *Twombly*.

### SECOND DEFENSE

Defendant has the right to a jury trial on all claims asserted against her by the Plaintiff, and the Bankruptcy Court has no jurisdiction to conduct a jury trial. The adversary proceeding must therefore be removed to the District Court.

### THIRD DEFENSE

Defendant denies that Plaintiff is entitled to the damages, relief, attorneys fees and costs as asserted in Plaintiff's prayer for relief.

### FOURTH DEFENSE

Defendant denies every averment in the Plaintiff's Complaint not expressly and specifically admitted herein.

### FIFTH DEFENSE

The Debtor, John Henry Schneider, was not insolvent on the date of transfer of the Molt property to Defendant.

### SIXTH DEFENSE

The transfer of the Molt property to Defendant was not made with actual intent to hinder, delay, or defraud any creditors of the Debtor, John Henry Schneider. Accordingly, the Plaintiff's claim under Mont. Code Ann. §31-2-333 fails.

### SEVENTH DEFENSE

The transfer of the Molt property to Defendant was not made without the Debtor receiving a reasonably equivalent value in exchange for the transfer. Accordingly, the Plaintiff's claim under Mont. Code Ann. §31-2-333 fails.

### EIGHTH DEFENSE

At the time of the transfer of the Molt property by Debtor to Defendant, the Debtor was not engaged or about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction. Accordingly, the Plaintiff's claim under Mont. Code Ann. §31-2-333 fails.

### NINTH DEFENSE

At the time of the transfer of the Molt property by Debtor to Defendant, the Debtor did not intend to incur, nor should the Debtor have believed that the Debtor would incur, debts beyond the ability to pay as they became due. Accordingly, the Plaintiff's claim under Mont. Code Ann. §31-2-333 fails.

### TENTH DEFENSE

The Debtor received a reasonably equivalent value in exchange for the transfer of the Molt property to Defendant. Accordingly, the Plaintiff's claim under Mont. Code Ann. §31-2-334 fails.

### ELEVENTH DEFENSE

The Debtor was not insolvent at the time of his transfer of the Molt property to the Defendant, nor did the Debtor become insolvent as a result of such transfer of the Molt property to the Defendant. Accordingly, the Plaintiff's claim under Mont. Code Ann. §31-2-334 fails.

### TWELFTH DEFENSE

The Defendant took the transfer of the Molt property in good faith and for reasonably equivalent value. Accordingly, under Mont. Code Ann. §31-2-340, the Plaintiff's claims fail.

### THIRTEENTH DEFENSE

If, despite Defendant's defenses and position that the Plaintiff is not entitled to relief against her, the Plaintiff nevertheless obtains a judgment against Defendant, then said judgment must be adjusted due to the equities, and Defendant is entitled, without limitation, to a lien on the asset or the proceeds of sale of the asset, or to a reduction of the judgment, equal to the amount of the value given by Defendant to the Debtor for the transfer in accordance with the provisions of Mont. Code Ann. §31-2-340.

**FOURTEENTH DEFENSE**

In accordance with the provisions of law, including Mont. Code Ann. §31-2-340, the transfer of the Molt property by Debtor to the Defendant is not voidable because the Defendant gave value or new value to Debtor, and because the transfer was in the ordinary course of business or financial affairs of the Debtor and the Defendant.

**FIFTEENTH DEFENSE**

In accordance with the provisions of law, including Mont. Code Ann. §31-2-340, the transfer of the Molt property by Debtor to the Defendant is not voidable because and to the extent it was made pursuant to a good faith effort to rehabilitate the Debtor, and the transfer secured present value given for that purpose as well as an antecedent debt of the Debtor.

**SIXTEENTH DEFENSE**
**(Failure to Join Indispensable Party under Rule 19, F.R.C.P.)**

The Plaintiff's Complaint fails to join necessary and indispensable parties to this action pursuant to Rule 19, F.R.C.P. Plaintiff alleges in mere conclusory terms a grand conspiracy and plot by Debtor John Schneider, utilizing the services of Defendant and utilizing several non-party entities which the Plaintiff alleges in essence are the alter egos of John Schneider, and which entities the Plaintiff Trustee apparently asserts in purely conclusory terms collectively constitute a single business or investment enterprise. Complete adjudication of the Plaintiff's claims is not possible because the Plaintiff has failed to join such other parties, including the Debtor, Schneider Management, LLC, Schneider Limited Partnership, the Brandon Schneider Benefit Trust dated March 30, 2012, the Shannon Schneider Benefit Trust dated March 30, 2012, the

Caitlin Schneider Benefit Trust dated March 30, 2012, and MedPort, LLC. The Plaintiff Trustee has failed to join indispensable parties and should not be permitted to pursue *sub rosa* veil-piercing actions without the presence of the very entities, the independent existence of which he asserts to be a sham.

### SEVENTEENTH DEFENSE

The Plaintiff's Complaint alleges that several nonparty entitles, including Schneider Management, LLC, Schneider Limited Partnership, the Brandon Schneider Benefit Trust dated March 30, 2012, the Shannon Schneider Benefit Trust dated March 30, 2012, the Caitlin Schneider Benefit Trust dated March 30, 2012, and MedPort, LLC, are the alter egos of Debtor John Schneider, but fails to plead the requisite elements of alter ego claims against those non-parties which, because they have not been joined as parties, are being denied the right to due process and the right to defend against such claims and assertions by the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant's actions related to the Molt property were based, at least in part, upon advice of counsel for nonparty entities, including advice of counsel for Schneider Management, LLC,  Schneider Limited Partnership, the Brandon Schneider Benefit Trust dated March 30, 2012, the Shannon Schneider Benefit Trust dated March 30, 2012, the Caitlin Schneider Benefit Trust dated March 30, 2012, and MedPort, LLC.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff Trustee has no standing to pursue any fraudulent transfer claims not belonging to the debtor, John Henry Schneider, including the fraudulent transfer claim

asserted in the present adversary proceeding against Defendant. The Debtor was a mere conduit for the transfer of the Molt property by Schneider Limited Partnership or other entities, the Molt property being earmarked for legitimate transfer to Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert and request an award of fees, costs, damages and sanctions from the Plaintiff and the estate under the Court's interest power to award fees and costs pursuant to § 105(a) of the Bankruptcy Code, pursuant to 27 U.S.C. § 1927, and pursuant to Rule 11, Fed. R. Civ. P. And Rule 9011, F.R.B.P. to the extent the facts and course of litigation merit such relief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Jury Trial Demand)

Plaintiff's Complaint states legal claims under state law to set aside a fraudulent transfer, or alternatively, for a money judgment, in contradistinction to any equitable claim.  Fraudulent transfer claims are legal claims for which Defendant has a jury trial right.  Since Plaintiff's claims are legal in nature, Defendant has a right to demand, and hereby does demand, a jury trial.  The Bankruptcy Court is not authorized to conduct a jury trial, and therefore, this case must either transfer to the federal district court, or must be dismissed and re-filed by the Trustee in a state court.  If, as Plaintiff asserts in his Complaint, Plaintiff's claims against Defendant constitute "core" proceedings, then the Bankruptcy Court has no jurisdiction to conduct a jury trial over Plaintiff's claims, since neither the Ninth Circuit Court of Appeals nor the United States Supreme Court has recognized any power of a Bankruptcy Court to conduct a jury trial in a core proceeding.  Alternatively, if Plaintiff's claims are non-core, then the Bankruptcy Court

may not conduct a jury trial herein, as the Ninth Circuit Court of Appeals has specifically held in *Taxel v. Electronic Sports Research (In re Sinematronics, Inc.)*, 916 F.2d 1444 (9th Cir. 1990), that a bankruptcy court may not preside over a jury trial in a non-core proceeding.

## NON-WAIVER OF ADDITIONAL DEFENSES

Defendant specifically and expressly reserves her right to amend and supplement her answer and affirmative defenses, and to assert additional defenses, as allowed by the rules and orders of this Court.

## JURY DEMAND

Defendant hereby demands a jury trial on all issues in this action so triable.

DATED this 22nd day of April, 2015.

      CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.

      */s/ Steven M. Johnson*
      Steven M. Johnson
      Attorneys for defendant Kathleen Burrows

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that a copy of the foregoing document was served electronically to all interested parties by ECF on the 22nd day of April, 2015.

      */s/ Steven M. Johnson*