Steven M. Johnson, Esq.
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
114 3rd St. S.
P. O. Box 1645
Great Falls, Montana 59403-1645
Telephone: (406) 761-3000
Facsimile: (406) 453-2313
I.D. Number 1835

**FILED**

APR 2 2 2015

Clerk, U.S District Court
District Of Montana
Great Falls

Attorneys for Defendant Kathleen Burrows

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
~~GREAT FALLS~~ Billings DIVISION

| | |
|---|---|
| In Re:<br><br>JOHN HENRY SCHNEIDER,<br><br>    Debtor. | Case No. CV-15-31-BLG-SPW |
| IN RE:<br><br>JOHN HENRY SCHNEIDER,<br><br>    Debtor. | Cause No. 14-61357 |
| JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER,<br><br>    Plaintiff, | Adversary No. 15-00008<br><br>**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW REFERENCE** |

00353080.WPD.1

1

| | |
|---|---|
| vs. | ) |
| | ) |
| KATHLEEN T. BURROWS, | ) |
| | ) |
| Defendant. | ) |

_____

## I. Statement of the Case.

Joseph V. Womack, as the Trustee of the bankruptcy estate of Chapter 7 bankruptcy Debtor, John Henry Schneider (hereinafter the "Trustee" or "Plaintiff") initiated the above-captioned adversary proceeding against Defendant Kathleen T. Burrows on March 24, 2015, asserting claims pursuant to the Trustee's so-called "strong-arm" powers of 11 U.S.C. §544(b) to set aside an alleged fraudulent transfer under Montana's Uniform Fraudulent Transfer Act, specifically under Mont. §§31-1-333 and 31-2-334. In the alternative, the Trustee seeks a money judgment against the Defendant for the value of the alleged fraudulent transfer. All of the Trustee's claims against the Defendant are claims at law to which Ms. Burrows has a Seventh Amendment jury trial right. Burrows filed her Answer denying the material averments of the complaint, asserting numerous affirmative defenses on April 22, 2015, and incorporated a demand for a jury trial in her Answer.

The Trustee's complaint in the adversary proceeding seeks to

recover an alleged fraudulent transfer by the Chapter 7 Debtor, John Henry Schneider, of certain real estate in Yellowstone County, Montana, known as the "Molt Property", or, alternatively, to obtain a money judgment for the value of the alleged fraudulent transfer. The Plaintiff/Trustee asserts that his action is a core proceeding under 28 U.S.C. §157(b)(2). Kathleen Burrows has not submitted to the Bankruptcy Court's jurisdiction by filing a proof of claim, nor has she otherwise waived her right to a jury trial. She has filed no proof of claim in John Schneider's underlying Chapter 7 bankruptcy case.

    Notwithstanding the "core" status of a fraudulent transfer action commenced by a bankruptcy trustee, however, a bankruptcy court is not authorized either by rule (*see* Local Bankruptcy Rule [LBR] 9015-1) or statute (*see* 28 U.S.C §157(e)) to conduct a jury trial in a fraudulent transfer action absent the consent of the parties to such an action. Defendant does not consent to the conduct of a jury trial before the Bankruptcy Court. In fact, the majority of the Circuit Courts have held that an Article I bankruptcy judge may not constitutionally conduct a jury trial.

    Cause exists to withdraw the reference of this adversary proceeding to the Bankruptcy Court since Burrows has a right to a jury trial under the

Seventh Amendment and the Bankruptcy Court has no authority to preside over a jury trial. The adversary proceeding should be tried to a jury before the District Court. The Trustee's fraudulent transfer claims and claim for a money judgment are purely legal in nature.

The Defendant does not consent to the conduct of a jury trial by the Bankruptcy Court in this matter. Accordingly, good cause exists for withdrawal of the reference of this adversary proceeding. The majority of Circuit Courts and many district courts have held that there is no express or implied authority for a bankruptcy court to preside over a jury trial.

Pursuant to Rule 5011(a), Federal Rules of Bankruptcy Procedure ("F.R.B.P."), a motion for withdrawal of the reference is to be made to and heard by the District Court, not the Bankruptcy Court, unless local rules of practice are to the contrary. There are no local rules requiring a withdrawal motion to be presented first to the Bankruptcy Court. In fact, the applicable Local Bankruptcy Rule, LBR 5011-1 expressly provides: " A motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) shall be filed with the Clerk of the District Court and heard by a District Judge. The moving party shall file a copy of the motion with the Clerk of the Bankruptcy Court".

Burrows has attached copies of the Trustee's Complaint and of

Burrows' Answer as Exhibits A and B, respectively, hereto.

## II. <u>Argument.</u>

United States district courts have original (though not exclusive) subject matter jurisdiction of all Bankruptcy Code cases pursuant to 28 U.S.C. § 1334(a). District court jurisdiction extends to all civil proceedings "arising under" and "arising in or related to" a bankruptcy case under Title 11. Bankruptcy Court jurisdiction over cases involving a debtor under Title 11 is derived from 28 U.S.C. § 157(a), which grants the District Court authority to refer all bankruptcy cases, as well as proceedings arising in or related to a case under Title 11, to the Bankruptcy Court.

Because the District Court has original jurisdiction over all bankruptcy cases and the power to refer all bankruptcy cases to the Bankruptcy Court, it also has the following power and duty:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, <u>on timely motion of a party</u>, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Thus the District Court is authorized to withdraw the reference to the bankruptcy court for good cause shown. As the language

of §157(d) indicates, there are two types of withdrawal of the reference - mandatory and permissive.

The standards for mandatory and permissive withdrawal are discussed in *Levine v. M & A. Custom Home Builder & Developer, LLC*, 400 B.R. 200 (Bankr. S.D. Tex 2008):

> Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law. *See, e.g., Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc.,* 161 B.R. 21, 24 (E.D.La.1993) (withdrawing reference when case necessarily involved a determination of antitrust claims); *U.S. Gypsum Co. v. Nat'l Gypsum Co.,* 145 B.R. 539, 541 (N.D.Tex.1992) (withdrawing reference when case necessarily involved a determination of patent claims); *In re Johns–Manville Corp.,* 63 B.R. 600, 603 (S.D.N.Y.1986) (withdrawing reference when case necessarily involved a determination of CERCLA issues); *In re White Motor Corp.,* 42 B.R. 693, 704 (N.D.Ohio 1984) (no withdrawal of reference based on speculation about issues under ERISA and Internal Revenue Code which may or may not be germane to the core proceeding). **Permissive withdrawal for cause shown requires a court to examine the following factors: is the matter core or noncore? Do the proceedings involve a jury demand? Would withdrawal further uniformity in bankruptcy administration? Would withdrawal reduce forum-shopping and confusion? Would withdrawal foster economical use of resources? Would withdrawal expedite the bankruptcy process?** *Holland America Ins. Co. v. Succession of Roy,* **777 F.2d 992, 999 (5th Cir.1985);** *In re OCA, Inc.* **2007 WL 1728914, \*3 (E.D.La.2007).**

*Id.*, 400 B.R. at 202 (emphasis added).

Under § 157(d), permissive withdrawal of the reference may be

exercised by this Court for cause shown with respect to any case or any proceeding within a case, in whole or in part, including an adversary proceeding or any part thereof.  28 U.S.C. § 157(d) allows this Court to withdraw its reference of a case or proceeding in whole or in part for "cause shown".  "'In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1207-1208 (9th Cir.2010)(citation omitted; affirming a withdrawal based on judicial economy). The elements that constitute "cause" within the meaning of § 157(d) are neither prescribed in the statute nor evident from legislative history.  Cause has been found to exist for the purposes of permissive withdrawal where, as here, a party has a right to a jury trial, but the Bankruptcy Court is not authorized to conduct a jury trial.

   The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in a bankruptcy proceeding as to all issues triable by a jury.  The United States Supreme Court has expressly held that a defendant to a bankruptcy trustee's fraudulent conveyance or

fraudulent conveyance action has a Seventh Amendment right to a jury trial. *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989). *Granfinanciera* involved a trustee's attempt to recover an allegedly fraudulent transfer to a bank, Granfinanciera, S.A. The bank denied receiving any funds before bankruptcy. The Court articulated a two-pronged test to determine whether a right to a jury trial under the Seventh Amendment exists in a fraudulent conveyance action against a defendant who had not filed a proof of claim in the bankruptcy case. The Court stated:

> 'First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.' *Tull v. United States*, 481 U.S. 412, 417-418, 95 L.Ed.2d 365, 107 S.Ct. 1831 (1987) (citations omitted). <u>The second stage of this analysis is more important than the first.</u> Id., at 421, 95 L.Ed.2d 365, 107 S.Ct. 1831.

The Supreme Court in *Granfinanciera* has directly held that "[t]here is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th-century England." *Id.* at 43, 109 S.Ct. 2782. Moreover, the Trustee in this case seeks to recover money. Defendants have a 7th Amendment right to a jury trial of such claims. *Id.* The Trustee's Complaint also seeks money damages as an alternative to setting aside the alleged fraudulent transfer. The Court in *Granfinanciera*

also found that a request for a money judgment strongly indicates that the claim should be denominated as legal rather than equitable. *See Granfinanciera, S.A.,* 492 U.S. at 47, 109 S.Ct. 2782; *Dairy Queen Inc. v. Wood,* 369 U.S. 469, 476, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

In *Blixseth v. Blixseth*, 2011 WL 3274042, the Bankruptcy Court for the District of Montana expressly recognized that raudulent transfer claims are not public rights, but rather involve private rights which give rise to a Seventh Amendment jury trial right under *Granfinanciera*:

> Fraudulent conveyance claims in bankruptcy do not fall within the public rights exception. Although codified by the Bankruptcy Reform Act of 1978, fraudulent conveyance claims are "quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." *Granfinanciera,* 492 U.S. a156.

*Granfinanciera* requires that the nature and substance of the remedies sought by a trustee are the true touchstones of the two-pronged analysis to determine the right to a jury trial. 492 U.S. at 42, 109 S.Ct. at 2790. In the case at bar, the Trustee's Complaint seeks a purely legal remedy in that it seeks to recover an alleged fraudulent transfer, or, alternatively, monetary damages for the value of the property that was allegedly fraudulently transferred. The Trustee's Complaint seeks no

equitable relief. Therefore, Defendant Kathleen Burrows has the right to a jury trial under *Granfinanciera*.

The Ninth Circuit has held that bankruptcy courts lack constitutional authority to preside over jury trials in non-core proceedings. *In Re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990). The courts have held that fraudulent transfer claims, breach of contract actions and state law tort claims are legal in nature and involve private rights; thus, litigants involved in such claims are entitled to a jury trial on those claims. *See, e.g., Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323 (2d Cir. 1993) (lender liability claim by debtor was a private right); *Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990) (claims of rent, based both on lease and doctrine of restitution, and of declaratory judgment entitled to jury trial in that nature of actions -- contract -- and remedies -- money damages-- are legal; request for declaratory judgment entitled to jury trial does not affect analysis); *In re Marshland Dev., Inc.,* 129 B.R. 626 (Bankr. N.D. Cal. 1991)(complaint for breach of contract, negligence, equitable indemnity, promissory fraud, negligent misrepresentation, estoppel, trespass and declaratory relief); *In re Clairmont Transfer Co.,* 117 B.R. 288 (Bankr.. W.D. Mich. 1990)(law firm entitled to jury trial in proceeding brought against it by debtor alleging

violation of retainer agreement); *In re Marie Pastor's Morningstar Management, Ltd.*, 109 B.R. 58 (Bankr. S.D.N.Y. 1990)(breach of contract action); *Manley Truck Line, Inc. V. Mercantile Bank of Kansas City*, 106 B.R. 696 (1989) (breach of contract, wrongful dishonor and negligence); *In re Edwards*, 104 B.R. 890 (Bankr. E.D. Tenn 1989) (fraud, negligent misrepresentation, breach of contract and negligence).

The Bankruptcy Court has no jurisdiction to preside over a jury trial in the matter. As demonstrated above, Kathleen Burrows is entitled to a jury trial on the legal claims asserted against her in the present adversary proceeding. The Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits, as well as district courts in several other circuits, have held that bankruptcy courts could not conduct jury trials in core proceedings, due either to the lack of statutory authorization in the Bankruptcy Code or constitutional concerns. *See In re Clay,* 35 F.3d 190, 194 (5th Cir. 1994)*; In re United Missouri Bank, N.A.*, 901 F.2d 1449, 1451 (8th Cir. 1990) (holding there is no statutory authority in the Bankruptcy Code permitting jury trials in Bankruptcy Court; the court recognized but declined to reach constitutional issues); *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990) (finding jury trials not statutorily authorized in bankruptcy court, and

violative of the Constitution) (holding modified on other grounds by *Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir. 1992); *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1173 (6th Cir. 1992) (concluding that Bankruptcy Code did not authorize bankruptcy courts to conduct jury trials); *In re Grabill*, 967 F.2d 1152, 1161, *reh'g. on banc denied*, 976 F.2d 1126 (7th Cir. 1992)(deciding that Bankruptcy Code did not authorize bankruptcy judge to conduct a jury trial); *see also In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 127-28 (4th Cir. 1993) (apparently joining those circuit court's holding that bankruptcy courts may not hold jury trials); *In re Transcon Lines*, 121 B.R. 837 (C.D. Cal. 1990); *Ellenberg v. Bouldin*, 125 B.R. 851 (N.D. Ga. 1991) (neither statutory nor constitutional power exists); *see also In re Davis*, 899 F.2d 1136 (11th Cir. 1990). The overwhelming majority of circuit courts hold, therefore, that bankruptcy courts may not preside over jury trials[1]. Withdrawal of the reference is, therefore, necessary, or alternatively, the Trustee must file his claim in a state court of appropriate jurisdiction.

---

[1] Only the Second Circuit has held that bankruptcy courts can conduct jury trials in core proceedings. See, e.g., *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir. 1990), judgment vacated on other grounds, 498 U.S. 964, 111 S. Ct. 425, 112 L. Ed. 2d 408 (1990) and opinion reinstated, 924 F.2d 36 (2d Cir. 1991) (bankruptcy court has statutory and constitutional power to conduct jury trials).

In reaching its holding that a bankruptcy court may not preside over a jury trial in a court proceeding, the court in the *Transcon* case, *supra.*, noted that, since the 1984 amendments to the Bankruptcy Code, there has been no statutory provision that expressly granted bankruptcy courts power to conduct a jury trial in any proceeding. In discussing the original 1978 Bankruptcy Reform Act and the consequences of the *Marathon* decision on it, the Court had the following to say:

> The 1978 Act conveyed jurisdiction over all "civil proceedings" arising under title 11 or arising in or related to cases under title 11, and placed that authority in the bankruptcy courts. 28 U.S.C. § 1471(b)(repealed). Although the act did not expressly provide the authority for jury trials, it is apparent from the extremely broad branch of authority in the legislative history that Congress intended bankruptcy court to exercise that authority. *See Northern Pipeline Contr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 55 102 S.Ct. 2858, 2863, 73 L.Ed.2d 598 (1982)(interpreting 28 U.S. § 1480 (repealed) as providing the bankruptcy courts with authority to conduct jury trials). The *Marathon* Court declared this broad grant of jurisdiction unconstitutional, holding that 1978 Act's provisions vested all "essential attributes" of judicial power in bankruptcy courts, in violation of Article III 458 U.S. at 84-85; 102 S.Ct. at 2A 78-79.

121 B.R. at 844.

The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of common law." U.S. Const. Amend. VII. The Seventh Amendment precludes another court's review of facts found by the jury with

no standard of deference and with the authority to re-decide those matters in the first instance. *Slocum v. New York Life Ins. Co.*, 228 U.S. 364, 379-80 (1913). Thus, since § 157(c)(1) requires *de novo* review by the District Court of non-core matters, the Ninth Circuit has held that "we find grave Seventh Amendment problems would arise if a jury trial is conducted by the Bankruptcy Court." *In Re Cinematronics, Inc.*, 916 F.2d at 1451.

The provisions allowing a jury trial to be conducted in either core or non-core proceedings with the parties' consent were added as § 157(e) as part of the Bankruptcy Reform Act of 1994. Section 157(e) provides that:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

In this case, Defendant Kathleen Burrows does <u>not</u> consent to the conduct of a jury trial by the Bankruptcy Court in this non-core matter. Thus, § 157(e) is inapplicable, and the Bankruptcy Court lacks the authority to conduct a jury trial. *In Re Cinematronics, Inc.*, 916 F.2d at 1451. *See also In Re Chadwick*, 66 B.R. 942, 946 (Bkrtcy. D. Mont. 1986), <u>quoting</u> *Thomas v. Union Carbide Agricultural Products, Co.*, 473 U.S. 568 (1985) ("Congress may not vest in a non-article III court the power to adjudicate,

render final judgment and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review.")

Where, as here, there is a right to a jury trial and the Bankruptcy Court is not authorized to conduct the jury trial, withdrawal to the District Court is required, especially when, as here, the party requesting the jury trial has not filed a claim in the case. *In Re Cinematronics, Inc., supra. See also In Re Transcon Lines*, 121 B.R. 837 (C.D. Cal. 1990); *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323 (2d Cir. 1993). In *In Re Cinematronics, Inc.*, the Defendant demanded a jury trial in a non-core adversary proceeding and moved to withdraw the reference to the Bankruptcy Court. The District Court refused to withdraw the reference. The Ninth Circuit reversed, holding that the refusal to withdraw the reference was an abuse of discretion because the defendant had the right to a jury trial but the Bankruptcy Court was not authorized to conduct the jury trial. *In Re Cinematronics, Inc.*, 916 F.2d at 1451. The court in *Transcon, supra*, specifically held that there is no express or implied right of the Bankruptcy Court to preside over a jury trial. Defendant would be prejudiced by further litigation before the Bankruptcy Court if it is not

empowered to conduct a jury trial. It is far more cost-effective to withdraw the reference and to remove the litigation to federal court immediately. That result accords with consideration of judicial economy also.

Kathleen Burrows has a right to a jury trial in this adversary proceeding because the matter involves purely legal claims for traditional legal claims under Montana law. The Bankruptcy Court is prohibited from conducting a jury trial by the Seventh Amendment. Accordingly, good cause exists for withdrawal of the reference of this matter to the Bankruptcy Court.

### III. Conclusion.

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Withdraw Reference, and such other and further relief as the Court deems just and proper.

DATED THIS 22nd day of April, 2015.

       CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.

       */s/ Steven M. Johnson*
       Steven M. Johnson
       Attorneys for Defendant Kathleen T. Burrows

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed in font size of 14 points; is double spaced; and the word count calculated by Microsoft Word Perfect is 3,406 words, excluding caption, Certificate of Service and Certificate of Compliance.

DATED this 22nd day of April, 2015.

                CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.

                */s/ Steven M. Johnson*
                Steven M. Johnson
                Attorneys for Defendant Kathleen T. Burrows

## **CERTIFICATE OF MAILING**

I, the undersigned, do hereby certify that a copy of the within and foregoing was mailed on the 22nd day of April, 2015, at Great Falls, Montana, and directed to the following:

Trent M. Gardner
Jeffrey J. Tierney
Goetz Baldwin & Geddes PC
PO Box 6580
Bozeman MT 59771-6580

Joseph V. Womack
Waller & Womack PC
303 North Broadway, Ste 805
Billings MT 59101

                                        */s/ Steven M. Johnson*