Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:  (406) 587-5144
Email:	tgardner@goetzlawfirm.com
	jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
303 North Broadway, Suite 805
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>          Debtor. | Case No. CV-15-31-BLG-SPW |
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>          Debtor. | Cause No. 14-61357 |

| | |
|---|---|
| JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN T. BURROWS,<br><br>Defendant. | Adversary No. 15-00008<br><br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO WITHDRAW REFERENCE |

Joseph V. Womack, Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider ("Womack"), through counsel, opposes the Motion to Withdraw Reference (Doc. 1) filed by adversary defendant Kathleen T. Burrows ("Burrows"), for the reasons stated herein.

The bankruptcy court is the proper venue for, at a minimum, all pretrial proceedings. This Court should therefore deny the motion, allowing the case to run its course in the bankruptcy court, without prejudice to Burrows' right to bring her motion once the case is ready for trial.

I.   **BACKGROUND.**

28 U.S.C. § 157(a) provides that "each district court may provide that any or all cases under title 11" and related proceedings "shall be

referred to the bankruptcy judges for the district." A later subsection provides that this Court may withdraw the reference to the bankruptcy court in some cases, and must do so in others, "on timely motion" by a party. 28 U.S.C. § 157(d).

The issue presented herein is whether the Court should withdraw Adversary Case No. 15-00008 (the "Adversary Case") from the bankruptcy court and, if so, when.

## II. WOMACK CONCEDES THAT BURROWS HAS PRESERVED HER RIGHT TO A JURY TRIAL IN THE DISTRICT COURT.

Burrows cites *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989), to establish her right to a jury trial. Burrows' Brief (Doc. 2), pp. 7–9. It is true that *Granfinanciera* held that "the Seventh Amendment entitles petitioners to the jury trial they requested" in the context of an action to recover fraudulent transfers. *Granfinanciera*, 492 U.S. at 64–65, 109 S.Ct. at 2802.

Womack does not dispute that Burrows has a right to a jury trial. More specifically, Womack concedes that, as the Adversary Case is presently constituted, Womack would have a right to a jury trial and that, absent her consent, that jury trial must occur in front of an Article III court, *i.e.*, the district court. That is not to say, however, that such

will still be true as of the time of trial, when it is proper for this Court to consider withdrawal. By then, the posture of the case may have changed by virtue of pretrial rulings. The claims may not be the same. Some of the claims may have been dismissed or decided by pretrial rulings. Womack might amend to add other claims. Burrows might subject herself to the jurisdiction of the bankruptcy court by filing a claim. Thus, while Womack concedes Burrows' right to a jury trial if nothing changes, he cannot unequivocally agree that Burrows will have a right to a jury trial when this case is ultimately prepared for trial. Thus, it is Womack's position that the Court should deny the motion for withdrawal of the reference without prejudice to Burrows' right to renew it immediately prior to trial, at which time Womack will evaluate whether he opposes it at that time.

In sum, that Burrows has a right to a jury trial does not answer the relevant question: when must the reference be withdrawn? *Granfinanciera* did not address that issue. The Ninth Circuit has answered it thus: only at the time of trial.

### III. THE RIGHT TO A JURY DOES NOT REQUIRE WITHDRAWAL PRIOR TO TRIAL.

Burrows does not address the appropriate time for withdrawal of the reference of Womack's core claims.[1] However, based on the timing and tone of her filing, it appears she is demanding immediate withdrawal. The law, however, provides that immediate withdrawal is not required, or even appropriate.

*In re Healthcentral.com*, 504 F.3d 775, 786–88 (9th Cir. 2007), considered whether the defendant's undisputed right to a jury trial required immediate withdrawal of the reference to the bankruptcy court, or whether the bankruptcy court should retain jurisdiction over pretrial matters. After a thorough analysis and review of the authorities, the Ninth Circuit concluded:

> We find the holding reached by the great majority of courts to have addressed this issue convincing and adopt it here. A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters.

---

[1] Burrows admits that Womack's fraudulent transfer claim is a core proceeding. Burrows' Brief (Doc. 2), p. 3.

*Healthcentral.com*, 504 F.3d at 788.

That case involved claims against a non-debtor to recover preference payments. As Burrows did in this case, the defendant there (Sigma) demanded a jury trial and refused to consent to a trial before the bankruptcy court. *Healthcentral.com*, 504 F.3d at 780–81. Sigma relied upon a local bankruptcy rule as well as its jury right to demand that the matter be heard by the district court. The bankruptcy court denied the request that it be transferred to the district court, and entered summary judgment against the defendant. On appeal, the bankruptcy appellate panel affirmed, and Sigma then appealed to the Ninth Circuit.

The Ninth Circuit first ruled that the local bankruptcy rule (which purported to give the bankruptcy court authority to decide when to withdraw the reference) was inconsistent with 28 U.S.C. § 157(d) (specifying that the district court should make that decision), and therefore invalid. *Healthcentral.com*, 504 F.3d at 784–86.

The Court then turned to Sigma's argument that its right to a jury trial in the district court required withdrawal of the reference. Sigma argued, as does Burrows, that *Granfinanciera* required withdrawal of

the reference in light of the right to a jury trial. *Healthcentral.com*, 504 F.3d at 786. The Court agreed that Sigma was "entitled to a Seventh Amendment jury trial in the district court." *Id*. However, the Court disagreed that this required immediate withdrawal of the reference:

> We agree with Sigma that it is entitled to a Seventh Amendment jury trial in the district court. *Growe v. Bilodard Inc.*, 325 B.R. 490, 491-92 (D.Me.2005). We disagree, however, that *Granfinanciera* holds that in light of this jury trial right the bankruptcy court may no longer retain jurisdiction, and the action must be instantly transferred to an "Article III court." *See* 492 U.S. at 50, 64, 109 S.Ct. 2782.

504 F.3d at 786. The Court noted *Granfinanciera*'s limited holding—that the creditors were entitled to a jury trial—and that *Granfinanciera* had expressly so limited its holding. *Id*. Thus:

> *Granfinanciera* does not support Sigma's argument that once a jury right is found the bankruptcy court must instantly give up jurisdiction and the case must be transferred to an Article III court.

*Id*.

To answer this "open issue" which *Granfinanciera* left unresolved, the Ninth Circuit looked to cases elsewhere.

> For guidance on how to address Sigma's argument we have canvassed the numerous

> courts outside this circuit who have already addressed the issue. *See, e.g., In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir.1993); *Orion Pictures Corp. v. Showtime Networks ( In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101-02 (2nd Cir.1993); *King v. Fidelity Nat'l Bank*, 712 F.2d 188, 192 (5th Cir.1983); *Growe v. Bilodard Inc.*, 325 B.R. 490, 492 (D.Me.2005); *Plan Adm'r v. Lone Star RV Sales, Inc. ( In re Conseco Fin. Corp.)*, 324 B.R. 50, 55-56 (N.D.Ill.2005); *Travelers Cas. & Sur. Co. v. Skinner Engine Co.* (*In re Am. Capital Equip., LLC*), 325 B.R. 372, 375 (W.D.Pa.2005); *Hayes v. Royala, Inc.*, 180 B.R. 476, 477 (E.D.Tex.1995); *Wittes v. Interco Inc.*, 137 B.R. 328, 329 n. 2 (E.D.Mo.1992); *In re Douglas*, 170 B.R. 169, 170 (D.Colo.1994).
>
> Universally these courts have all reached the same holding, that is, a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. *E.g., City Fire Equip. Co.*, 125 B.R. at 646-50. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters. *E.g., In re Stansbury Place*, 13 F.3d at 128.

504 F.3d at 786–87.

The Court then discussed the two primary reasons that federal district courts should not withdraw the reference immediately but should, instead, wait until trial to do so. The first reason is that the

bankruptcy court's pretrial management of a case, even ruling on dispositive motions, does not even implicate the right to a jury trial.

> First, allowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does not abridge a party's Seventh Amendment *right to a jury trial*. A bankruptcy court's pre-trial management will likely include matters of "discovery," "pre-trial conferences," and routine "motions," which obviously do not diminish a party's *right* to a jury trial. Moreover, even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address whether trial is necessary at all.

504 F.3d at 787 (emphasis in original, numerous citations omitted).

The second reason is adherence to the system of bankruptcy laws enacted by Congress:

> Second, requiring that an action be immediately transferred to district court simply because of a *jury trial right* would run counter to our bankruptcy system. Under our current system Congress has empowered the bankruptcy courts to "hear" Title 11 actions, and in most cases enter relevant "orders." As has been explained before, this system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. Accordingly, if we were to require an action's *immediate* transfer to district court simply because there is *a jury trial right* we would effectively subvert this system. In re Kenai Corp.,

> 136 B.R. at 61 ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme...."). Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out.

504 F.3d at 787–88 (emphasis in original, numerous citations omitted).

Thus, the Court announced its holding, quoted above, that a right to a "jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction . . . . Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters." *Id.* at 788.

That is the proper result here. The Court should deny the motion for withdrawal, without prejudice to Burrows' right to renew it immediately prior to trial. In the meantime, the bankruptcy court should retain jurisdiction.[2]

---

[2] Faced with similar arguments in a proceeding related to the Yellowstone Club Bankruptcy, Judge Cebull concluded that the reference should not be withdrawn because "Judge Kirscher is keenly aware of this bankruptcy case and the related parties" and "judicial efficiency would be served by the pre-trial management of this case remaining with the Bankruptcy Court." Order, *Crum v. Blixseth (In re Big Springs Realty)*, No. CV 09-85-BU-RFC (D. Mont. Jan. 26, 2010) (Exhibit 1, hereto).

Burrows may argue that *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012) *cert. granted*, 133 S.Ct. 2880 (U.S. 2013) *and aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165 (U.S. 2014), affects this analysis. Such argument would be wrong. Post *Bellingham*, courts have continued to routinely refuse to withdraw the reference early in the proceedings, requiring the case to stay with the bankruptcy court for pre-trial proceedings, including entering proposed findings and conclusions on dispositive motions. *See, e.g., Krohn v. Stip* (*In re Plise*), 2014 WL 3548383 (D. Nev. 2014) (acknowledging *Bellingham* and the inability of the bankruptcy court to enter final orders on fraudulent transfer claims, but still refusing to withdraw the reference early in the proceedings); *accord Flores v. Gray Services LLC*, 2014 WL 417988 (D. Ariz. 2014). In *Flores*, the Court explained:

> Because the uniformity of bankruptcy administration is promoted by the bankruptcy court's resolution of the four core bankruptcy claims in this case, and 'hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues,' this weighs against withdrawing the reference. *In re Orion Pictures Corp.*, 4 F.3d at 1101.

*Id*. at *3.

Here, the bankruptcy court is well-equipped to deal with all pre-trial matters in this case. Further, the facts and issues involved are central to the handling of the overall bankruptcy case and are closely related to other matters being handled by the bankruptcy court. The efficient use of judicial resources and the uniformity of bankruptcy administration are also served by not withdrawing the reference at this time. Thus, the factors bearing on discretionary withdrawal of reference at this time weigh against her motion.

## CONCLUSION

The Court should deny the motion to withdraw the reference.

DATED this 6th day of May, 2015.

                        GOETZ, BALDWIN & GEDDES, P.C.

                        By: */s/Trent M. Gardner*
                        Trent M. Gardner/Jeffrey J. Tierney
                        Attorneys for Trustee Joseph V. Womack

## CERTIFICATE OF SERVICE

I certify that, on May 6, 2015, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1-2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Steven M. Johnson
   Church, Harris, Johnson &
   Williams, P.C.
   114 3rd Street S.
   P.O. Box 1645
   Great Falls, MT 59403-1645
   406/761-3000

/s/ *Trent M. Gardner*_____
Trent M. Gardner
GOETZ, BALDWIN & GEDDES, P.C.
Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2) of the Local Rules of Procedure, the undersigned certifies that this brief in opposition to motion to withdraw reference contains 2,188 words, calculated by Microsoft Word 2010 (excluding the caption, Certificate of Service and Certificate of Compliance).

/s/ *TRENT M. GARDNER*\_\_\_\_
Trent M. Gardner